Filed 9/29/21  P. v. Willis CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>KEVIN FITZGERALD WILLIS,<br><br>        Defendant and Appellant. | A160625<br><br>(San Mateo County<br>Super. Ct. No. SC020481A) |

Defendant Kevin Fitzgerald Willis appeals an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has been apprised of his right personally to file a supplemental brief, but he has not done so.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95.  (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.] rev. granted Feb. 17, 2021, S266305.)  Recent published cases have held that we

_____

[1] All statutory references are to the Penal Code.

are not required to conduct such a review and may dismiss an appeal as abandoned if the defendant does not file a supplemental brief (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031–1032, 1039–1040, review granted October 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 21, 2021, S267870), although some cases explain that we have discretion to review the record independently for arguable issues, either where an initial review does not show the defendant is obviously ineligible for relief (such as when the defendant was convicted on a theory he was the actual killer) (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853) or as a routine matter (*People v. Flores* (2020) 54 Cal.App.5th 266, 269–274).  Similarly, a panel in Division Four of this appellate district recently concluded that an order revoking and reinstating post-release community supervision is not subject to *Wende* review because the appeal is not a direct appeal from a judgment of conviction.  (*People v. Freeman* (2021) 61 Cal.App.5th 126, 132–134.)  We likewise conclude defendant is not entitled to *Wende* review of an order denying a petition for resentencing under section 1170.95.  Because defendant has not personally filed a supplemental brief, we will dismiss his appeal as abandoned.

We note, however, that the result would be the same even if we exercised our discretion to conduct an independent review.  Our high court has recently confirmed that a trial court may look to the record of conviction to determine whether a petitioner has made a prima facie case for relief under section 1170.95.  (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972 (*Lewis*).)  The record of conviction here shows unambiguously that defendant was convicted as the actual killer, not under a theory of imputed malice under the doctrine of felony murder or natural or probable consequences.

As pertinent here, in a 1989 bench trial the court found defendant guilty of first degree murder (§ 187) and found true the special circumstance allegation that the murder was committed in the course of a robbery or attempted robbery (§§ 190.2, subd. (a)(17); 211), as well as allegations that he personally used a deadly and dangerous weapon, a knife (former § 12022, subd. (b)), that he personally and intentionally inflicted great bodily injury on the victim in the commission of the murder (§ 1203.075), and that he had suffered a prior felony conviction and resulting prison term (§ 667.5, subd. (b)). Defendant received a sentence of life without parole, with stayed terms for two enhancement allegations.

This division affirmed the judgment on March 16, 1990. (*People v. Willis* (Mar. 16, 1990, A045985) [nonpub. opn.] (*Willis I*).) The opinion in *Willis I* explained that defendant was seen struggling with the victim in the cab of the victim's pick-up truck, and the victim fell against the driver's side window. Defendant's hands were on the victim, and as he withdrew them a witness noticed he was holding several dollar bills. Defendant got out of the truck, went to the driver's side door, pushed the victim over, got into the driver's seat next to him, and drove away. After striking two other vehicles, defendant jumped out of the truck and ran away. The victim's body was found inside the truck, covered in blood, and a police officer found defendant with blood on his hands and clothing. Defendant told the officer he had been involved in a homicide. The victim, who died, had been stabbed five times. Defendant testified at trial that he accepted a ride from the victim, who made an unwanted sexual advance; when defendant tried to push the victim off, the victim lunged at him with a sharp piece of metal. Defendant testified his memory was blank from then until he saw the victim was bleeding.

In 2018, the Legislature enacted Senate Bill 1437, effective January 1, 2019. (Stats. 2018, ch. 1015.) In an uncodified section, the Legislature declared the law was "necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Id.*, § 1, subd. (f).) To further this end, the Legislature amended section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime" (§ 188, subd. (a)(3)) and amended section 189 to provide that a participant in the perpetration or attempted perpetration of specified felonies is liable for murder only if the person was the actual killer; the person was not the actual killer but, with the intent to kill, aided or abetted the actual killer in a first degree murder; or the person was a major participant in the underlying felony and acted with reckless indifference to human life (§ 189, subd. (e)).

Section 1170.95 authorizes "[a] person convicted of felony murder or murder under a natural and probable consequences theory" to file a petition to have the murder conviction vacated and to be sentenced on the remaining counts under certain conditions, including that the person could not be convicted of first or second degree murder under the changes to sections 188 and 189. (§ 1170.95, subd. (a).) The court reviews the petition and determines whether the petitioner has made a prima facie showing of entitlement to relief, in which case the court issues an order to show cause. (§ 1170.95, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at p. 962.)

In July 2019, defendant filed a petition for resentencing under section 1170.95, alleging he was convicted of murder pursuant to the felony murder

4

rule or the natural and probable consequences doctrine. He asserted that he was not the actual killer because he was in custody at the time the victim died and that there was "no charge, conviction, or sentence for Penal Code section 211." The trial court appointed counsel to represent him.

The People opposed the motion on the ground defendant was ineligible for resentencing because he was convicted not under a derivative theory of felony murder or natural and probable consequences, but as the actual killer who harbored express or implied malice. In response, defendant argued the bare allegations of the petition were sufficient to establish a prima facie case of eligibility for relief under section 1170.95 so as to require the trial court to issue an order to show cause.

Defendant filed a *Marsden* motion seeking new counsel on November 26, 2019. (*People v. Marsden* (1970) 2 Cal.3d 118.) On July 16, 2020, he withdrew his *Marsden* motion and instead brought a *Faretta* motion to represent himself. (*Faretta v. California* (1975) 422 U.S. 806.) His counsel told the court he had spoken with defendant, that defendant was "quite versed in the law," and that he did not object to defendant representing himself. Defendant told the court he had been studying Senate Bill 1437 extensively and wished to represent himself. After inquiring into whether defendant understood his waiver of the right to counsel and advising him against representing himself, the trial court granted the *Faretta* motion.

The trial court denied defendant's section 1170.95 petition on July 17, 2020, finding he was not entitled to relief under section 1170.95 because he was convicted as the actual killer. Defendant filed a timely appeal of this order, and his counsel subsequently submitted a *Wende* brief. In light of the trial court's findings on the enhancement allegations—specifically its findings that defendant personally used a knife and personally and intentionally

inflicted great bodily injury on the victim in the commission of this murder—we agree with the subsequent determination that the defendant cannot make out a prima facie case under section 1170.95, and if we were not dismissing this appeal as abandoned we would affirm on this ground.

## DISPOSITION

The appeal is dismissed as abandoned.


TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
CHOU, J.*

*People v. Willis* (A160625)

---

&ast; Judge of the Superior Court of California, City and County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6